# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40143
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BONIFACIO NUNEZ-ROMERO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CR-103-1

————

Before HIGGINBOTHAM, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Bonifacio Nunez-Romero was convicted by a jury of one count of conspiracy to possess with the intent to distribute more than 50 grams of methamphetamine, five counts of possession with the intent to distribute more than five grams of methamphetamine, and one count of possessing a firearm in furtherance of a drug trafficking crime. The district court sentenced Nunez-Romero to 240 months of imprisonment, consisting of six 180-month

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40143

concurrent sentences on the drug counts followed by a consecutive 60-month sentence on the firearm count.

Nunez-Romero argues that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c) for possessing a firearm in furtherance of a drug trafficking crime.  Nunez-Romero preserved his sufficiency claim by moving for a judgment of acquittal at the close of all the evidence, and therefore our review is de novo.  *See United States v. v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).  We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Under § 924(c)(1)(A), a "person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" faces enhanced penalties.  A defendant possesses a firearm "'in furtherance of' the drug trafficking offense when it furthers, advances, or helps forward that offense."  *United States v. Ceballos-Torres*, 218 F.3d 409, 410-11 (5th Cir. 2000).  We consider the following factors when determining whether a firearm was possessed in furtherance of a drug trafficking offense: (1) the type of drug activity, (2) the type of firearm, (3) the accessibility of the firearm, (4) the proximity of the firearm to drugs or drug profits, (5) whether the firearm was loaded, (6) whether the firearm was stolen, (7) whether the firearm was possessed legally or illegally, and (8) the time and circumstances under which the firearm was found.  *Id.* at 414-15.

The jury heard testimony that Nunez-Romero dealt in large quantities of methamphetamine, owned several firearms, one of which was located in the same area in which he dealt drugs, and implicitly threatened one of his dealers by displaying a firearm and demanding prompt payment.  The evidence presented at trial, when viewed in the light most favorable to the verdict, is

No. 13-40143

sufficient to support the jury's decision. *See United States v. Charles*, 469 F.3d 402, 407-08 (5th Cir. 2006); *Ceballos-Torres*, 218 F.3d at 411 (5th Cir. 2000). Accordingly, the judgment is AFFIRMED.